## Maurice Hickey and another v. David M. Hinsdale.

The entry of a judgment in the docket of a Justice of the Peace is *evidence* of the judgment, but is not the judgment itself.

The statute requiring a Justice of the Peace to keep a docket, and to enter therein the judgments rendered by him, is directory only.

After judgment pronounced, and before the proceedings are entered in the docket, it is competent to prove the judgment by the oath of the Justice, who produces his minutes of the trial, which are as full and complete as the entry on the docket is required to be.

*Heard May 3d and 4th. Decided May 30th.*

Error to Wayne Circuit.

The action was by Hinsdale against plaintiffs in error, in replevin. The defendants (below) justified under execution against the plaintiff, issued upon a judgment rendered by Garry Spencer, a justice of the peace. To prove this judgment, they introduced the justice, who testified "that he, as such justice, rendered a judgment against David M. Hinsdale, as garnishee of Samuel Chamberlain, in favor of John R. McBride, John Robinson and John M. Hoover, on March 1st, 1858, and entered the same on a half-sheet of foolscap paper, which was not a part or parcel of his docket; that he kept a docket, but that said judgment, among a large number of other judgments, had not been entered upon his docket: that owing to the press of business, he had omitted to transcribe his judgments into his docket: that he had his original minutes, including the judgment in the case of McBride, Robinson and Hoover against Hinsdale garni-

shee of Chamberlain, of which he had spoken, in court, which he produced and identified as follows to wit:

| | |
|---|---|
| "John R. McBride, John Robinson and John M. Hoover, *vs* David M. Hinsdale, Garnishee of Samuel Chamberlain, *Defendant.* | In Justices Court, Wayne Co., ss. Before Garry Spencer, Justice of the Peace, In Garnishee. |

January 29th, 1858. On filing affidavit of J. E. Bigelow, Esq., attorney and agent for plaintiff, a garnishee issued returnable Feb. 8th, at 2 P. M.: summons returned personally served and fees paid January 30th.

Feb. 8th, at 2 P. M., case called: garnishee in court, and after being duly sworn by me, to true answers make to all questions put to him touching any indebtedness to the defendant Samuel Chamberlain, on the 30th day of January last, as also any property, money or effects in his hands or in his possession belonging to said defendant, deposes and says that at the time of the service of said garnishee. on the 30th of January last, he was indebted to said defendant in the sum of from $300 to $500; had no property or effects in his hands or possession belonging to said defendant, and further sayeth not. And, therefore, this case is continued until the final determination of the suit between plaintiffs and defendant. And, whereas, on the 24th day of February, A. D. 1858, a judgment was rendered by and before me in the original suit of the above named plaintiffs against the above named defendant, Samuel Chamberlain, in favor of said plaintiffs, and against said defendant, for the sum of $242 54 damages, and $3 45 costs of suit; and, therefore, upon the request of J. E. Bigelow, Esq., attorney for plaintiffs, I, the said justice, on the 24th day of February aforesaid, did issue a summons against David M. Hinsdale, the above named garnishee, therein commanding him to appear before me,

at my office, in the city of Detroit and county of Wayne, on the first day of March next, at 2 o'clock in the afternoon, then and there to show cause why judgment should not be rendered against him as garnishee of Samuel Chamberlain, the defendant in the original cause; which summons on or before the return day thereof was delivered to me by Joel Bostwick, Jr., a constable in and for the city of Detroit, with a return thereon signed by him that the same was personally served on the said garnishee on the 25th day of February then inst.

March 1st, 1858, at 2 o'clock P. M. case called. Plaintiffs in court by J. E. Bigelow, Esq., their attorney, and declared against defendant (garnishee) in assumpsit for money had and received, and claim damages for the sum of $245 99. And defendant (garnishee) did not appear, and therefore it is taken as confessed that the said defendant (garnishee) has no cause to show why a judgment should not be rendered against him as garnishee to the said Samuel Chamberlain, the defendant in the original suit, and in favor of the said plaintiffs. Whereupon plain. tiffs proceeded to the trial and proofs of their said claim. And plaintiffs now offer in evidence the judgment rendered by and before Garry Spencer, a justice of the peace in and for the city of Detroit, on the 24th day of February, 1858, for $242 54 damages, and $3 45 costs, and also the evidence in the answers of the garnishee in this suit. Plaintiffs rest their case. And, after hearing the proofs and allegations of plaintiffs, it is considered and adjudged that the plaintiffs are entitled to recover from the said garnishee the sum of $245 99, as damages, besides the costs of this suit; and judgment is therefore hereby rendered in favor of said plaintiffs, and against the said garnishee, for the sum of two hundred and forty-five dollars and ninety-nine cents, as damages, and three dol. lars and fifty-nine cents, costs of this suit, as taxed by me, March 1st, 1858.

HICKEY v. HINSDALE.

| Damages, | . | . | . | . | $245 | 99 |
| Costs, | . | . | . | . | 3 | 59 |
| Ex. | . | . | . | . | . | 25 |

Garry Spencer,

Justice of the Peace.

By order of attorney for plaintiffs, execution issued March 8, 1858, and delivered to Joel Bostwick, Jr.: execution returned May 8th, 1858, wholly unsatisfied. February 23d, 1859, by order of attorney for plaintiffs, alias execution issued and delivered to Maurice Hickey, deputy constable. Execution returned March 28th, 1859, wholly unsatisfied."

These minutes, together with the files in the garnishee suit, and the files and judgment in the suit against Chamberlain, mentioned in the minutes, defendants offered in evidence in connection with the testimony of the justice, to prove the judgment under which they justified; but the court excluded the same, and plaintiff had judgment.

*J. E. Bigelow*, for plaintiffs in error:

The .entry of a judgment on the docket is not the judgment itself: — 3 *Bl. Com.* 395, 396; 1 *Bouv. Inst.* 264. The statute directing the keeping of such a docket is only directory: —6 *Hill*, 38 ; 2 *Fairf.* 377. A statute is directory when the thing required is not of the essence of the principal thing to be done, but intended to promote method, system and uniformity: — 7 *Barb.* 138; 21 *Pick.* 64 ; 1 *Hill*, 130. This law is not repugnant to, but perfectly consistent with, the existence of the common law proof.

The evidence offered was the best that existed, and therefore admissible. The minutes of the justice are always admissible when the record has not been made up: — 18 *Pick.* 464; 13 *Johns.* 430 ; 6 *Vt.* 541; 1 *Greenl. Ev.* §513; 2 *Mich.* 372 ; 1 *Mich.* 227; 3 *Mich.* 233. Or the judgment may be proved by parol: — 3 *B. & C.* 449.

*W. C. Hoyt*, for defendant in error:

No judgment is rendered until entered on the docket:

5 *Hill*, 60; 19 *Wend.* 371; *Tiffany*, 269; 3 *Mich.* 208; 1 *Doug. Mich.* 502. Especially if there is an attempt to enforce it, it must be first entered: — 3 *Hill*, 47; 1 *Wend.* 486; 19 *Wend.* 371.

The statute has provided a mode of proving justice's judgments, and there is no other mode known to the law. The provision is copied from that of New York. Formerly in New York a justice was not required to keep a docket, · but could keep minutes which were evidence when properly proven: — 3 *Johns.* 429; 10 *Wend.* 525; 11 *Wend.* 636; 5 *Johns.* 351; 11 *Johns.* 166; 13 *Johns.* 430; 6 *Barb.* 626; 1 *Cow.* 115; 5 *Hill*, 431; 15 *Wend.* 397.

If justice's judgments are to be regarded as records, there must be proof of the existence of the record before secondary evidence can be admitted: — 3 *Mich.* 207; 1 *Doug. Mich.* 502; 1 *Greenl. Ev.* § 513; 1 *Stark. Ev.* 193; 5 *Mich.* 349.

MANNING J.:

The case presents two questions: 1st. Can a justice's judgment have a legal existence without an entry or record of it on his docket? and 2d. If it can, was the evidence offered to prove the judgment admissible?

By § 3890 of Compiled Laws, every justice of the peace is required to keep a docket, and to enter therein the title of all causes commenced before him, the time when the first and subsequent process was issued against the defendant, and the particular process issued; the judgment rendered by the justice, and the time of rendering the same, the time of issuing execution, and the name of the officer to whom delivered. The section is divided into fifteen subdivisions, only four of which we have stated, each subdivision requiring certain things when they occur in the progress of the case, to be entered on the docket.

The statute further provides (§ 3784) that in cases where a plaintiff shall be nonsuited, discontinue or withdraw his

action, and where a judgment shall be confessed, and in all cases where a verdict shall be rendered, or the defendant shall be in custody at the time of hearing the cause, the justice shall forthwith render judgment, and enter the same in his docket; in all other cases he shall render judgment and enter the same in his docket within four days after the cause shall have been submitted to him for his final decision.

Is the statute as to the entry of the judgment in the docket mandatory, or is it directory merely? If the former, then there can be no judgment without the entry of it in the docket. If the latter, then the judgment may have a legal entity although it is not entered on the docket. There is always more or less difficulty in construing a statute to be directory only. The object of the statute and the effect a different construction would have on some prior act or right not necessarily connected with, or forming a part of the thing to be effected by the statute, should always be taken into account in deciding the question, as the best and only means in the power of the court of arriving at the intention of the Legislature.

The entry in the docket is evidence of the judgment, but not the judgment itself. One is a judicial, the other a ministerial or clerical act. They are as separate and distinct from each other in a justice's court as in this court, where the judgment is pronounced by the court, and the record is afterwards made up by its clerk from minutes taken by him at the time. We see no good reason why the same may not be done in a justice's court, unless it is prohibited by the statute. The object of the statute, most probably, was to provide for a more perfect record, and to give greater security to justice's judgments, by requiring an entry of the proceedings and judgment in each cause to be made in a book called the docket. The statute makes a transcript from the docket, certified by the justice, evidence of the judgment, and of all prior and subsequent

proceedings in the cause, required to be there entered. Was not this the sole object of the statute? Or must each and all of the proceedings required to be entered on the docket be proved by the docket? and if not entered there, through inadvertence or otherwise, be held void and of no effect? Few justice's judgments, it is to be feared, would stand so severe a test; and we are unwilling, unless compelled to do so, to give a construction to the statute that will put the rights of suitors in so much peril from the ignorance or negligence of the justice. The proceedings in justice's courts have ever been regarded with the greatest indulgence, and it is not to be presumed the Legislature intended to prescribe a more rigid rule to be observed by justices in rendering judgment, than obtains in courts of record. The statute does not make the docket the only evidence of a judgment, either in terms or by necessary implication. On the contrary it expressly provides that the proceedings in any cause or matter, had before a justice, may also be proved by the oath of the justice (§ 3894). By the words "may also be proved," must be understood some other proof than the docket. Like provisions in a statute of the state of New York have been held by the courts of that state to be directory only: — *Hall v. Tuttle*, 6 *Hill*, 38; *Sibley v. Howard*, 3 *Denio*, 72; *Walrod v. Shuler*, 2 *Comst.* 134.

When the judgment is entered in the docket, it can not be proved by the parol evidence of the justice of the contents of the docket. This was the decision in *Boomer v. Laine*, 10 *Wend.* 525. The docket is the best evidence of the judgment, and the statute requiring the judgment to be entered in it, the law presumes it has been, unless the contrary is made to appear. But when it has not, the minutes or memorandum of the justice, made at the time of giving the judgment, and filed with the papers in the cause, when proved by the justice, is competent evidence of the judgment:— See 11 *Johns.* 166; 13 *Johns.* 430; 6 *Vt.* 541.

The judgment should be reversed, and a new trial ordered.

MARTIN CH. J., and CHRISTIANCY J., concurred.

CAMPBELL J.:

I have not been able to satisfy myself that the provisions of the statutes now in force, requiring a justice's judgment to be entered in his docket, in a case not tried by jury, are directory. If an unentered judgment could be construed as valid for all, or even for most purposes, under the provisions relating to the enforcement and proof of such matters, reasons of policy might prevail to sustain it. But there are very many cases in which, in spite of the construction sanctioned by my brethren, parties are still left to the risk of having their rights entirely lost by the carelessness of magistrates; and the relaxation of the rule in one instance will not remove the difficulty, which I think addresses itself rather to legislative than judicial discretion. In the case before us, the justice has certainly taken pains as far as he went, and the defense is not meritorious; but the rule would of course reach cases of less merit. I am reluctantly compelled to differ with the majority of the court, and am of opinion that the Circuit Judge acted properly in ruling out the proofs offered.

*Judgment reversed.*