### The People on the Relation of Seth Holcomb v. The Township Board of Lowell.

A jury was summoned on the warrant of a justice to determine the necessity of taking the relator's lands for a highway, and to assess his damages. The jury

found the taking necessary, and assessed the damages, and their finding was filed in the town clerk's office, but not certified by the justice as required by law. The amount of the damages was levied and collected by tax, and the road opened. It was *held*, that the town could not resist the payment of the damages to the relator on the ground that the justice had failed to certify the finding.

There was no law in this State in 1857 under which a highway could be legally laid out through condemnation of the land to be taken therefor. And therefore township authorities cannot refuse to make payment for lands taken for a highway in 1859 on the ground that a road was laid out over the same line in 1857.

*Heard January 15th. Decided January 22d.*

Application for a mandamus.

The relator set forth in his affidavit, that on January 3, 1859, on the application of one of the commissioners of highways of Lowell, to Robert Hunter, a Justice of the Peace, a jury was summoned on the warrant of said Justice, to determine the necessity of taking certain lands of the relator in that town for a highway, and to assess his damages in consequence of such taking: that said jury determined that it was necessary to take such lands, and assessed the relator's damages at two hundred and sixty dollars, and that their finding was duly certified to by the Justice, and filed in the office of the township clerk; that thereupon, in obedience to the requirement of the commissioners of highways, the relator caused the road to be opened through his lands, and the commissioners caused the same to be worked and used as a highway: that the amount of his said taxes has been levied and collected by tax in said town, but that the township board refused to deliver to him a warrant on the township Treasurer for the amount. And he prays a mandamus to compel them to issue their order therefor.

An alternative mandamus having been issued, the township board returned as cause, that the finding of the jury had never been certified to by the Justice as required by law; and further that, on August 3, 1857, a public highway was duly laid out over the same line described by the applicant, "and all necessary and legal means were taken to vest the use of said lands in the said township of Lowell, for the purposes of a public highway, and from

thence to the present time in virtue thereof the same has been a public highway; the same never having been taken up, altered or discontinued, by any person authorized by law so to do."

*E. S. Eggleston,* for the relator.

*S. G. Champlin,* for the township.

MARTIN CH. J.:

The relator in his petition for the writ of mandamus, clearly made a case entitling him to it. Has this been overthrown by the cause shown against it by the respondents? We think not. No question is made by them of the regularity of the proceedings to condemn the land, and no issue is made upon any material point. They neither deny that the land of the relator was condemned, nor do they insist upon any fraud or irregularity in the proceedings taken to condemn it. They do not deny but that the damages, to compel the payment of which this writ is prayed, were awarded, nor but that the award and finding of the jury were returned into the Town Clerk's office, and the amount of such award collected by tax, and deposited in the township Treasury, awaiting their order to be paid over to the relator. Upon all these points they are either silent or their answer is evasive. But they insist, 1st. upon the technical ground, that the award of the jury was not certified by the Justice before its return into the Town Clerk's office, and 2d, that a road on the same land had been laid out in the year 1857, as cause why they should not "pay the award."

As to the first ground, although it was the duty of the magistrate to certify the award, yet so long as it appears that such award was made and filed in the proper office, recognized and acted upon by the proper township officers, the land occupied for the purposes of a road, and a tax levied and collected for the payment of the damages awarded,

I can not well see upon what equitable or legal grounds, the -town can halt here, and refuse to take the further and last step—the payment of such sum—because such certificate is wanting. It appears to me that the respondents are estopped from denying the validity of the award, or of the sufficiency of the return, after such action. Had the town refused to occupy the land, the case might be different, but having taken possession of it under the condemnation of the jury, and provided a fund for payment for it, the board should be required to issue the order for such payment. But however this may be— and my brethren who concur with me in other respects, do not wish to be understood as expressing any opinion upon this point — we are agreed that the answer of the respondents is immaterial and irrelevant, and furnishes no sufficient cause why the writ should not be issued. The duty of the jury is one prescribed by the Constitution, and when it has been duly executed, the rights of the relator, and of the township, are perfected, and their duties and liabilities established. The certificate of the Justice has not the character of an adjudiicaton — it determines no right, nor does it confer any power. It is simply an authentication of the return of the jury; a ministerial act, the omission of which can not invalidate the verdict of the jury, nor impair the rights of the relator. Suppose the death of the magistrate should occur after the return of the award to him, and before he could certify and file it in the Town Clerk's office — what would be the rights and liabilities of parties? Could it be claimed that by such accident the whole proceeding would be rendered void? I can not think so. In *Overall v. Pero,* 7 *Mich.* 315, we held that the entry of a verdict of a jury, by a Justice of the Peace, was sufficient to authorize the issue of an execution, notwithstanding the want of a final judgment entry. This was so held upon the ground that such entry, although in a judicial proceeding, was required as a ministerial and not as a judicial act, and its neglect would not deprive the

party entitled to the execution of his rights, which had been fully adjudicated by the jury. The same principle was again asserted in *Hickey v. Hinsdale*, 8 *Mich.* 267; and if in such cases the statute can be held to be directory, I can see no valid reason why the one under consideration should not be also, and for the much stronger reason that the magistrate in this case acts ministerially from first to last, and is without any judicial power or discretion. If such be the case, no right determined by the action of the jury can be impaired by this default of the magistrate.

The allegation that a road had been laid out over the same land in 1857, is no answer, as no law existed in that year under which it could have legally been done through condemnation of the land to be taken: and it was this fact, probably, which led to the subsequent laying out and establishing the present road.

Mandamus awarded.

MANNING and CAMPBELL JJ. concurred.

CHRISTIANCY J. concurred in the result.