## Emmons Saunders v. The Tioga Manufacturing Company.

*Justice of the peace: Judgment: Docket entry.* A justice's judgment which was rendered and entered by the justice upon his minutes is not void because it was not forthwith transcribed upon his docket.—*Hickey v. Hinsdale, 8 Mich., 267,* cited and approved.

*Taxing costs: Judicial action.* A justice of the peace acts judicially in determining the amount of costs to be taxed in favor of the prevailing party in a suit tried before him.

*Justice of the peace: Judgment: Damages: Costs: Relation.* After judgment on a verdict for damages, a justice has authority to proceed, on the same day at least, to ascertain and determine the costs, and if necessary, with consent of the parties at least, may hold the case open a reasonable time for that purpose. The costs in such case, when ascertained, being an incident to the principal judgment, the determination of their amount relates back and takes effect as of the time of rendition of the judgment.

*Justice of the peace: Jurisdiction: Presumption.* While jurisdiction in the first instance, of a justice of the peace, must be shown and will not be presumed, yet, after jurisdiction of the cause and of the parties is once shown, and the question is whether it had afterwards been lost, it will be presumed, in support of his judgment, that he acted regularly, and that his proceedings were valid, unless the contrary appears.

*Submitted on briefs July 17.    Decided July 22.*

Error to Mecosta Circuit.

*Fuller & Parsons,* for plaintiff in error.

*Frank Dumon,* for defendant in error.

CHRISTIANCY, CH. J.

This was a *certiorari* from the circuit court of Mecosta county, to a justice of the peace, in a suit in replevin, in which the manufacturing company was plaintiff and Saunders defendant. The circuit court affirmed the justice's judgment in favor of the company, and the case comes to this court upon writ of error.

The facts appearing upon the affidavit for the *certiorari* and the justice's return, so far as material to the questions raised, are these: The case was tried in the justice's court, before a jury, on the 17th of December, 1872, and the jury on that day rendered their verdict, assessing the plaintiff's damages at thirty-six dollars; whereupon (as the return states) "I forthwith rendered judgment as follows: therefore it is considered that the said plaintiff recover against the said defendant its damages aforesaid; and also ———— dollars for his costs by him about his suit, in this behalf expended." He further certifies and returns, in answer to the affidavit, that "I entered said verdict and the judgment thereupon upon my minutes, but did not forthwith transcribe the same upon my docket; and I further certify that the costs of said suit were not fully taxed and entered until the morning of the 21st of said December, when the counsel for the respective parties appeared in my office, and taxed the costs at the sum of thirty-two dollars and forty-four cents."

The first objection of the plaintiff in error is, that the whole judgment is void, as well for the damages as for the costs, because not forthwith entered upon his docket. But our own decision in *Hickey v. Hinsdale, 8 Mich., 267,* disposes of this objection, and shows that the judgment is valid as to the damages, being actually rendered at once upon the verdict and entered in the minutes of the justice, though not upon his docket.

The second objection is that the judgment is void as to the costs, because not rendered until four days after the ren-

dition of the judgment for damages, and when, as it is insisted, the jurisdiction of the justice to act judicially in the cause had terminated. I can see no reason to doubt that the justice, in determining the amount of costs in such a case, acts judicially. *Section 5375, Compiled Laws,* provides that " to entitle the prevailing party to costs he shall make it appear to the satisfaction of the justice that such costs were paid or incurred in good faith, believing the same material and necessary for the trial of said cause." And though the statute has fixed the fees of witnesses, officers, etc., it is for the justice to determine judicially what services have been performed by such officers, and what witnesses have attended, etc. It is therefore clear that his action in this respect is judicial.—See *2 Denio, 26,* and *3 Denio, 72.* These were decisions rendered under a statute which presents the question of the nature of the justice's action precisely as under our own statute.

Could the justice act judicially in determining or giving judgment for those costs four days after the rendition of the judgment for damages ? Though the statute seems to contemplate that judgment for costs should be practically contemporaneous with the principal judgment, so that the whole shall operate as one entire judgment, yet, as the justice may have to hear evidence upon, and consider the items of costs to be allowed, there can be no doubt that after he had rendered the judgment upon the verdict for damages, he might still proceed at any time on the same day, at least, to ascertain and determine the costs. And if necessary to enable the parties to produce the proper evidence on either side, in proof of any item of costs, and especially if the parties at the time should for this reason consent, the justice ought to be allowed to hold the court open for this purpose a reasonable length of time, even beyond the day, to effect this object. The costs, when ascertained, being an incident to the principal judgment, the determination of their amount would relate back and take effect as of the time when the principal judgment was

rendered; though the justice could not do this after the day when the trial was had, and after the parties and their attorneys had left, unless prior to that time for some good cause shown, or by consent, the justice should, on the day of trial, determine to hold the court open for this purpose, and so inform the parties or their attorneys; in which case I think it might be held open such reasonable time as might be found necssary for the purpose, though it might require four days.

The record does not expressly show that the court was thus held open for the purpose of taxing the costs, nor does it show any cause for the four days delay in ascertaining the amount. And, though the agreement of counsel as to the amount of the costs, if before the justice on the day of the trial, or while the cause was thus held open for the purpose, would be evidence upon which the justice might act in judicially determining the amount, such an agreement made on a subsequent day, after the close of the trial and after the parties and their counsel had left, if the court had not been held open for the purpose as above explained, would give no authority to the justice to act upon it, and his jurisdiction to act judicially in the case would be at an end.

The record does not expressly state that either of the parties appeared in the cause prior to or at the trial, by attorney, nor does it mention the name of any; but in stating the trial it states that "after hearing the proofs and allegations of the parties and the *arguments of counsel,* the jury retired," etc.

Nothing is to be presumed for the purpose of giving to the justice jurisdiction in the first instance, but such jurisdiction must be shown. Here, however, his jurisdiction of the cause and of the parties is shown; and the question is, whether he lost jurisdiction to determine the amount of the costs at the time they were determined; and upon this question we are bound, in support of the judgment, to pre-

sume that he acted regularly, and that his proceedings were valid, unless the record shows the contrary.

This record does not show that the case was not properly held open in the manner and for the purpose above explained, nor that the parties did not appear by attorney; on the contrary, it furnishes some ground for an inference that the court was thus held open, and that the parties were properly represented by counsel having authority to represent them. If the facts were not so, it was easy for the party bringing the *certiorari* to have obtained a further return showing the facts upon these specific points.

We must therefore hold the judgment of the justice regular and valid, as well for the costs as for damages.

On these grounds the judgment of the circuit court must be affirmed, with costs.

The other Justices concurred.