RASCH *v.* BISSELL.

JUSTICE'S JUDGMENT—DOCKET ENTRIES—JURISDICTION—EVIDENCE.

To establish a valid judgment, the docket of a justice of the peace, or, instead, the minutes of the proceedings made and filed by him, must affirmatively show that he acquired and retained jurisdiction, and any omission in this regard cannot be supplied by reference to the files in the case. So *held* where the docket contained merely a memorandum of rendition of judgment, and the minutes of the justice, indorsed upon the file wrapper, mentioned no year, except as given in the date line immediately preceding the justice's signature.

Error to Wayne; Carpenter, J. Submitted June 7, 1895. Decided July 2, 1895.

*Assumpsit* by Edwin A. Rasch and another against Edward W. Bissell upon a justice's judgment. From a judgment for plaintiffs, defendant brings error. Reversed.

*B. T. Prentis,* for appellant.

*Bowen, Douglas & Whiting,* for appellees.

McGRATH, C. J. This is a suit upon a judgment rendered by a justice of the peace in the city of Detroit. The only docket entries, after the title of the cause and the statement of the nature of the action, are as follows:

"July 27.   Judgment favor of pltf. by default for 76.25 damages, 3.50 costs.

"Stay of execution put in.   See files.

"CHARLES H. BORGMAN,

"Justice of the Peace."

To support the docket, plaintiffs, after proof of the handwriting and signature of the justice, introduced the minutes upon the file wrapper, which, after giving the title, were as follows:

"Action of *assumpsit*.

"Return day, July 16th, 9 a. m.

"At 9 o'clock in the forenoon case was called, and parties appeared; and then, by consent, cause was adjourned to July 27th, at 9 a. m.   At this time case was called, and pltfs. appeared in person and by their attorney, J. W. Donovan, who declared orally against defendant in an action of *assumpsit* on all common counts, and for goods sold and delivered, and claimed damages $300.   The defendant did not appear, and after waiting one hour his default was noted, on behalf of pltfs.

"Henry Kiesling was sworn and testified, and thereupon I rendered judgment in favor of the plaintiffs and against the defendant for the sum of seventy-six and 25-100 dollars damages, and for $3.50 costs of suit.   Damages, $76.25; costs, $3.50.

"July 27, 1883."

It will be noticed that these minutes are, in themselves, incomplete.   No year is mentioned, except that given just before the signature of the justice.   They must necessarily be supported by inferences, or by reference to the files.   There is no statute requiring these minutes to be kept, or the files to be preserved.   The docket or the minutes of a justice must show affirmatively not only that he acquired jurisdiction, but that he retained it.   Plaintiffs, to supply the omission, introduced the files.   The rule laid down in *Hickey* v. *Hinsdale*, 8 Mich. 267, cannot be thus extended.   In that case, as well as in *Saunders* v. *Manufacturing Co.*, 27 Mich. 520, the rendition of the judgment was shown by the justice.   It is but another step

from the production of the files to parol proof, to supply substantial omissions.

It is unnecessary to discuss the other questions raised. The judgment is reversed.

The other Justices concurred.