## STUART v. CORLETTE.

FORCIBLE ENTRY AND DETAINER — COSTS — PAYMENT — APPEAL — RETURN — MANDAMUS.

  Under 3 Comp. Laws, §§ 11161, 11163, providing that, if a defendant in forcible entry and detainer be found not guilty, judgment shall be rendered in his favor for costs, which shall be taxed by the commissioner, *mandamus* will not lie to compel the commissioner to make return to an appeal from a judgment of not guilty, withheld by him because of the nonpayment of defendant's costs, though the same were taxed without notice to complainant, four days after the entry of judgment, and after the taking of the appeal.

*Certiorari* to Wayne; Carpenter, J. Submitted February 18, 1902. Decided March 4, 1902.

*Mandamus* by Johnston Stuart to compel William H. Corlette, circuit court commissioner of Wayne county, to

make return to an appeal. From an order granting the writ, respondent brings *certiorari*. Reversed.

*Edwin Henderson*, for relator.

*Geer & Williams* and *H. R. Martin*, for respondent.

HOOKER, C. J. In a suit brought for forcible entry and detainer, the circuit court commissioner's return shows that upon July 11, 1901, he rendered a judgment "in favor of defendants and against said complainants, which said judgment was that the said defendants were not guilty of the forcible entry and detainer of the premises in dispute in said cause, as was charged in the complaint filed therein." On July 13th the complainants took the usual steps for an appeal, and paid to the commissioner the sum of $5, for which they were given a receipt, in which that sum was denominated "appeal fees." At that time the witness fees and other costs of the defendants had not been presented for taxation. On July 15th counsel for the defendants presented to the clerk of the commissioner's court a statement of the witness fees incurred, and these were taxed upon the same day by the commissioner at the sum of $12.27. The commissioner thereupon notified complainants' attorneys, and afterwards the complainants themselves, that these costs were taxed, and that upon their payment he would make a return of the appeal. Payment was refused upon the ground that complainants were advised that the taxation was void. Complainants obtained a peremptory *mandamus* from the circuit court requiring the commissioner to make return, and the cause is before us upon *certiorari* to the circuit court in the *mandamus* proceeding.

The statute applicable to these proceedings (3 Comp. Laws, § 11163) provides that:

"If the complainant shall fail to prosecute his complaint, or if on such trial the defendant shall be found not guilty, judgment shall be rendered for the defendant for his costs, which shall be taxed and collected of the complainant in

the same manner hereinbefore provided for the collection of costs in favor of a complainant recovering judgment."

There is no discretion in the matter, and a judgment of not guilty necessarily carries costs, if defendant has any costs, and in such case it is the duty of the commissioner to tax the costs and expenses of the defendant. 3 Comp. Laws, § 11161. This the commissioner returns that he has done.

Had the complainant's attempt to appeal been deferred until after these costs were taxed, and had he then refused to pay them, even had he based his refusal upon the ground of their illegality, he would have had no standing in the circuit court, because the law requires him to pay costs taxed before he can appeal. The law does not require the circuit court to enter into a preliminary inquiry to see whether the judgment appealed from is void or valid, to ascertain whether a bond tendered, or an amount of costs taxed, was justly required. For the purpose of the appeal, the judgment and taxation will be assumed to be valid.

The complainants did not wait until the costs were taxed, but took immediate steps to appeal. When the costs were taxed, they refused to pay the comparatively trifling amount, but preferred unnecessary and expensive litigation to enforce a purely technical, and apparently unmeritorious, claim of right, although they must have known that, if successful upon the appeal, the disputed amount would be recovered back. This record does not indicate that the costs were not incurred, and the claim rests upon the assumption that the commissioner lost jurisdiction to tax these costs. We need not stop to inquire whether the commissioner's action in taxing costs is ministerial or judicial. If we treat the authority of *Saunders* v. *Manufacturing Co.*, 27 Mich. 522, as controlling, and therefore conclude that the act is a judicial one, what is there said about the presumption that the taxation was regularly made applies here. The record is silent as to whether this case was held open for the taxation of costs, and it appears

only by inference that no notice was given.   Even if notice should have been given, the taxation, though made without the requisite notice, would not be void, and could be disturbed only by direct proceedings to set it aside as irregular,—an inquiry which an appellant cannot compel an appellate court to go into by refusing compliance with the statute prescribing the prerequisites of an appeal.

Our Constitution and laws contain evidence of the design that judicial rules shall, so far as consistent, tend to the direct, speedy, and unhampered trial of the merits of causes, to the exclusion of technical and dilatory tactics. There is little to commend in the course pursued in this case, even if it were true that, by a delay of a day or two in taxing costs, the complainants might claim to have escaped a just liability.   We do not feel called upon to disregard a legal presumption, or to use the discretionary writ of *mandamus* to aid an injustice.

The order is reversed, with costs of both courts.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.