HAWAIIAN TRUST CO., LTD., A CORPORATION, *v.*
A. M. BROWN, HIGH SHERIFF OF THE TERRI-
TORY OF HAWAII.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 5, 1905.          DECIDED APRIL 25, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

MORTGAGE—*description of property.*

A mortgage conveying "all the property, of whatsoever nature or
kind, now or during the continuance of these presents owned or
possessed by the grantor, wherever the same may be situated,
including, without prejudice to the generality of the foregoing
description, the property set forth in the schedule hereto attached,
marked, 'Schedule of fee simple lands, leaseholds and other prop-
erty,' and made part hereof, and also all lands, tenements and here-
ditaments and all leaseholds hereafter acquired by the grantor,
during the continuance of these presents, and all machinery, fix-
tures, furniture and furnishings upon or about the said fee simple
lands and leaseholds  described in  said schedule  or hereafter
acquired by the grantor or used by the grantor in connection with
its business in operating an hotel at Waikiki, Islands of Oahu,"
the schedule setting forth certain fee simple lands, leaseholds and
machinery and "all and singular the furniture, furnishings, appar-
atus, fixtures and chattels in, upon or conected with the premises
covered by the leaseholds and deeds aforesaid," does not include
liquors and mineral waters.

OPINION OF THE COURT BY WILDER, J.

This is an action of replevin for a large amount of bottled
liquors and mineral waters which was seized by the high sheriff
in pursuance of an execution issued out of the first circuit court

against the Moana Hotel Co., Ltd. The decision of the first circuit court, jury waived, was in favor of plaintiff, and the case comes to this court on defendant's exceptions.

The first question presented is the ownership and right of possesion to the articles in question. Ownership in plaintiff was relied on by virtue of a certain trust deed executed on November 1, 1901, by the Moana Hotel Co., Ltd., to the Hawaiian Trust Co., Ltd., as trustee, to secure $100,000 worth of bonds in order to pay the costs and expenses in making improvements, extensions and increase in the property and business of the hotel company.

After the execution of the trust deed liquors were sold by the Moana Hotel Co., Ltd., daily in the regular course of business, and the stock was constantly being replenished. It did not appear how much, if any, of the articles seized was in the possession of and owned by the Moana Hotel Co., Ltd., at the time of the execution of the trust deed.

There are many provisions of this trust deed indicating that the articles in question were not included, and were not intended to be included, in it. The trust deed first conveys "all the property of whatsoever nature or kind, now or during the continuance of these presents owned or possessed by the grantor, wherever the same may be situated," (it is admitted by plaintiff's counsel that this description does not include the articles in question,) and "including, without prejudice to the generality of the foregoing description, the property set forth in the schedule hereto attached, marked, 'Schedule of fee simple lands, leaseholds and other property,' and made part hereof, and also all lands, tenements and hereditaments and all leaseholds hereafter acquired by the grantor, during the continuance of these presents, and all machinery, fixtures, furniture and furnishings upon or about the said fee simple lands and leaseholds described in said schedule or hereafter acquired by the grantor or used by the grantor in connection with its business of conducting and operating an hotel at Waikiki, Island of Oahu." Bottled liquors and mineral waters are not machinery, fixtures, furni-

ture or furnishings.  Neither does the habendum include these articles.  The schedule above mentioned is entitled "Schedule of fee simple lands, leaseholds and other property covered by foregoing trust deed," and enumerates certain fee simple lands, certain leaseholds and certain machinery, and then says "all and singular the furniture, furnishings, apparatus, fixtures and chattels in, upon or connected with the premises covered by the leaseholds and deeds aforesaid."  The only word that could possibly include the articles is "chattels," and, when viewed in connection with the other provisions of this trust deed, it is clear that even "chattels" did not include them.

There is a provision in the trust deed that the grantor had the power to sell any of the property but only with the written consent of the trustee.  This would seem to indicate that the parties did not intend to include liquors, because otherwise the written consent of the trustee would have been necessary every time a drink was sold.  If it was the intention to include liquors, some provision would have been inserted to cover the daily disposition of them.  Counsel for plaintiff admits that the deed did not include articles of food, such as groceries, and the like.  But, so far as the description in the trust deed is concerned either both liquors and food articles are included or both are excluded.  The provision in the trust deed, authorizing the trustee under certain circumstances to take possession of all the property and run it as a hotel, was used as an argument to show that it must have been the intention of the parties to include the liquors, as the selling of liquors was a part of the hotel business.  But this provision also shows, even if the selling of liquors is a part of hotel buiness, which is doubtful, that liquors were not intended to be included, because if the trustee should take hold of the property and run it as a hotel, including the selling of liquors, a new liquor license would be necessary in so far as the selling of liquors was concerned, and such a new liquor license might or might not have been granted.  Consequently, the inference, if any, to be drawn from this provision, is that the liquors were not intended to be included.

This trust deed seems to have been carefully drawn by one who knew his business, and included in it all that the parties intended to have included.

Where mortgaged goods are described as "all household and personal effects," and such general description is followed by a specific and minute description of the goods, the latter description limits the former to the property particularly described. *Kearney v. Clutton,* 106 Mich. 106.

The mortgage of "all groceries," contained in a "country and village grocery store," does not include pails, shovels, and the like, although such goods are usually kept in such a store. *Fletcher v. Powers,* 131 Mass. 333.

A chattel mortgage, given by a merchant, of "goods in (his) store," will not be held under those words to include a safe kept in his store, not for sale, but for his own private use. *Curtis v. Phillips,* 5 Mich. 111.

A chattel mortgage on the "fixtures, furniture and appliances used in and about the carrying on of" a certain store, was held not to cover wagons and teams used by the mortgagor for the delivery of goods from the store to his customers. *Van Patten v. Leonard,* 55 Ia. 520.

A mortgage of a foundry, with the engines, fixtures, machinery, tools and working plant therein, described the chattels assigned as being "more particularly enumerated and specified in an inventory of even date herewith, to be signed by the parties hereto and read and construed as forming part of these presents." The deed contained no mention of stock in trade. The inventory, which was signed by the mortgagors on the same day as the deed, extended over twenty-on pages. The first twnty pages contained a detailed description of the engines and other chattels which were mentioned under general heads in the deed. At the bottom of page 20 was this clause: "The stock in trade consists of bolts, brass-work, wrought and cast iron work, brass and other work, both finished and in preparation." And at the top of page 21 were these words: "Also all cast and wrought iron, steel, timber, and all other stock in trade in and

upon the before mentioned foundry workshops and premises." Then came this clause: "The contents of the preceding twenty sheets is a complete and exact inventory of the fixtures, machinery, utensils and things in, upon or about the foundry mortgaged by us this day." This was immediately followed by the signatures of the mortgagors. It was held that the stock in trade was not included in the mortgage. *Ex Parte Jardine,* 10 Ch. App. Cas. 322.

We think that, if the trust deed intended to include liquors, it would have said so. In view of the conclusion reached upon the first question, it is unnecessary to pass upon the other points submitted.

The exceptions are sustained, the decision and judgment are reversed, and the case is remanded to the circuit court of the first circuit with directions to render judgment for defendant.

*Kinney, McClanahan & Cooper* and *S. H. Derby* for plaintiff.

*Castle & Withington* and *H. G. Middleditch,* with whom *A. M. Brown* was on the brief, for defendant.