PEOPLE *v.* JOHNSON.

1. PROSTITUTION—"PROCURING" INMATE FOR HOUSE OF PROSTITUTION.

Female who came to house of prostitution, was taken in by owner, and there remained, was "procured" within meaning of statute penalizing procurement of female inmate for house of prostitution (3 Comp. Laws 1929, § 16862).

2. SAME—EVIDENCE.

In prosecution for procuring female inmate for house of prostitution, evidence of arrest and conviction of prostitute from said house, and that female inmate committed act of prostitution therein, was properly received (3 Comp. Laws 1929, § 16862).

3. JUSTICES OF PEACE—EVIDENCE—PROOF OF PROCEEDINGS.

Proceedings before justice may be proved by his oath (3 Comp. Laws 1929, § 14185).

On right to impeach one's own witness, see annotation in 21 L. R. A. 418; 74 A. L. R. 1042.

4. CRIMINAL LAW—PROOF OF CONVICTION BY JUSTICE.

Proof of judgment and conviction of prostitute by oath of justice of peace, who produced minutes thereof as full and complete as entries on his docket are required to be, *held*, not error, although his docket was not written up; statute as to docket entries being directory merely (3 Comp. Laws 1929, §§ 14185, 16273, 17427).

5. SAME—INSTRUCTIONS—COMMENT ON EVIDENCE.

Charge to jury that there were certain items before them in proofs that tended to indicate guilt of defendant, and that it was for jury to take all testimony and determine whether defendant was guilty or not, *held*, not incorrect under 3 Comp. Laws 1929, § 17322; issue of fact being submitted to jury for their sole determination.

6. WITNESSES—CRIMINAL LAW—CROSS-EXAMINATION OF UNWILLING WITNESS.

Cross-examination, under guidance of trial judge, of female inmate, in prosecution for procuring her for house of prostitution, *held*, not prejudicial.

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted June 16, 1932. (Docket No. 171, Calendar No. 36,271.) Decided September 16, 1932.

Ruth Johnson was convicted of procuring a female inmate for a house of prostitution. Affirmed.

*F. E. Wetmore,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Sherman L. Eaton,* Prosecuting Attorney, for the people.

CLARK, C. J. Defendant, charged with procuring a female inmate for a house of prostitution (3 Comp. Laws 1929, § 16862), was convicted and sentenced, and has appealed.

The evidence is that the female came to defendant's house and was taken in by defendant and there remained.

The word procure, as used in the statute, means to acquire or to get. The female here was procured or acquired or gotten within the meaning of the statute. To show the procuring the female as an "inmate for a house of prostitution," evidence was properly received of arrest and conviction of a prostitute from the house (50 C. J. p. 813), and that a female inmate committed an act of prostitution in the house.

To show such conviction of a prostitute on June 22, 1931, the justice of the peace was called, on October 20, 1931, and testified and produced his docket, and it appeared that the entries (3 Comp. Laws 1929, §§ 17427, 16273) had not been made, rather that the minutes of the judgment and conviction, etc., had been written on a blank space on the face of the complaint and over the justice's signature on the complaint. There is no explanation of the justice's failure to write up his docket from the memorandum made and the papers filed during the period of nearly four months. There is no dispute of the fact of conviction and judgment as stated. Proceedings before a justice may be proved by his oath. 3 Comp. Laws 1929, § 14185.

The statute as to docket entries is directory, merely (*Hickey* v. *Hinsdale,* 8 Mich. 267 [77 Am. Dec. 450]), under which case we hold no error in permitting proof of judgment by oath of the justice, who produced his minutes of the trial, which were as full and complete as the entries on the docket were required to be. *Saunders* v. *Tioga Manfg. Co.,* 27 Mich. 520. A case for the jury was made under the statute.

In his charge the trial judge said:

"There are certain items before you in the proofs that tend to indicate the guilt of this woman, and it

is for you to take all this testimony and determine whether she is guilty or not."

The statement was not incorrect, and it was within the province of the trial judge, under 3 Comp. Laws 1929, § 17322, and *People* v. *Lintz,* 244 Mich. 603, the issue of fact being submitted to the jury for their sole determination. *Lovejoy* v. *United States,* 128 U. S. 171 (9 Sup. Ct. 57), cited in the *Lintz Case.*

Under guidance of the trial judge, there was no prejudicial error in cross-examination by the prosecuting attorney of the female inmate, an unwilling witness whom he called to the stand, and the matter calls for no discussion.

We find no reversible error. Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.